UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 9, 2017

LETTER TO COUNSEL

RE:   *Kathryn Anne Burton v. Commissioner, Social Security Administration*;
      Civil No. SAG-15-3947

Dear Counsel:

On December 24, 2015, Plaintiff Kathryn Anne Burton petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits ("DIB"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Burton's reply. (ECF Nos. 19, 20, 21). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Ms. Burton's motion, grant the Commissioner's motion, and affirm the ALJ's decision. This letter explains my rationale.

Ms. Burton filed her claim for benefits on April 26, 2010, alleging a disability onset date of January 15, 2010. (Tr. 166-72). Her claim was denied initially and on reconsideration. (Tr. 88-91, 95-101). A hearing was held on July 17, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 30-72). Following the hearing, the ALJ determined that Ms. Burton was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 12-29). The Appeals Council denied Ms. Burton's request for review. (Tr. 1-6). Thus, the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Burton suffered from the severe impairments of bipolar disorder, anxiety disorder, and social anxiety disorder. (Tr. 17). Despite these impairments, the ALJ determined that Ms. Burton retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations:
>
> - She must work in a stable work environment where the work place and work process remain generally the same from day to day; and,
> - She cannot travel as part of a job; and,
> - A supervisor must direct activities of the employee so that they do not need to prioritize tasks; and,

- Instructions should be written as well as oral so that the claimant has something to refer to; and,
- She must perform goal-oriented work that is not production rate paced; and,
- She can perform no more than occasional decision making using several concrete variables in or from standardized situations; and,
- She can have no public contact either face to face or by telephone; and,
- She should work with things rather than people; and,
- She cannot perform collaborative work or work that is part of a team; and,
- She can work with little oversight where a supervisor may redirect or give instructions and the claimant does not need to respond except to acknowledge directives or seek clarification.

(Tr. 19). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Burton could perform work existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 24).

Ms. Burton advances several arguments on appeal. Specifically, Ms. Burton contends that: (1) the ALJ assigned too little weight to the opinions of her treating physician, Dr. Bogrov; (2) that the ALJ did not properly consider her Global Assessment of Functioning ("GAF") scores; (3) that the ALJ should have found that she met or equaled the requirements of Listing 12.04; and (4) that the jobs identified by the VE involved production demands that were inconsistent with the RFC assessment. Each argument lacks merit.

Ms. Burton's first argument is that the ALJ assigned inadequate weight to the opinions of her treating physician, Dr. Bogrov. Pl. Mot. 7-9. A treating physician's opinion is given controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques; and 2) it is consistent with other substantial evidence in the record. *See Craig*, 76 F.3d 585 (4th Cir. 1996); *see also* 20 C.F.R. § 404.1527(d)(2). However, where a treating source's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it should be accorded significantly less weight. *Craig*, 76 F.3d at 590. If the ALJ does not give a treating source's opinion controlling weight, the ALJ will assign weight after applying several factors, such as, the length and nature of the treatment relationship, the degree to which the opinion is supported by the record as a whole, and any other factors that support or contradict the opinion. 20 C.F.R. § 404.1527(c)(1)-(6). The ALJ must also consider, and is entitled to rely on, opinions from non-treating doctors. *See* SSR 96-6p, at *3 ("In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources.").

Here, the ALJ provided a detailed summary of Ms. Burton's medical records during the relevant 2010-2011 time frame. (Tr. 21). The ALJ acknowledged that there were times in 2010 when Ms. Burton was extremely anxious, but that at other times she had extensive activities of daily living, reported being "back to normal" and "doing much better," and had started looking for a job. *Id.* The ALJ also provided an extensive analysis of the opinions rendered by Dr.

Bogrov, assigning the opinions "limited weight" because they were contradicted by the medical evidence of record and by Ms. Burton's activities of daily living. (Tr. 22). Additionally, the ALJ assigned "great weight" to the opinions of the non-examining State agency physicians, whose findings about Ms. Burton's mental capacities comported with the ALJ's RFC assessment. (Tr. 21-22). Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even, as here, if there is other evidence that may support Ms. Burton's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, there appears to be evidence that could be marshaled to support either side's view of the case. However, because the ALJ cited to substantial evidence to support his assignment of limited weight to Dr. Bogrov's opinions, I must uphold her determination.

Ms. Burton further contends that the ALJ's conclusion contrasts with some of the GAF scores determined by her treating and examining medical sources. Pl. Mot. at 8, 11. However, GAF scores are not determinative of disability. *See, e.g., Davis v. Astrue*, Case No. JKS–09–2545, 2010 WL 5237850, at *3 (D. Md. Dec. 15, 2010) (noting that the SSA does not endorse the use of GAF scores, and, further, that GAF scores do not correlate to the severity requirements in the mental disorder listings). Although they are not conclusive, nothing prohibits an ALJ from considering GAF scores as one component of a full analysis of the evidence of record. *See, e.g., Kozel v. Astrue*, No. JKS–10–2180, 2012 WL 2951554, at *10 (D. Md. July 18, 2012) ("[E]ven though a GAF score is not determinative of whether a person is disabled under SSA regulations, it may inform the ALJ's judgment."). Here, the ALJ fully considered the GAF scores in Ms. Burton's record, but noted that they represent "subjective assessments of an individual's mental state at one moment in time" and that they were "inconsistent with the claimant's broad functioning and stable mental health status" and "not supported by Dr. Taghizadeh's examination of the claimant." (Tr. 22). Thus, I find no error in the ALJ's express consideration of, and ultimate assignment of "little" or "limited" weight to Ms. Burton's GAF scores.

Next, Ms. Burton argues that the ALJ did not adequately consider Listing 12.04. Pl. Mot. 9-11. However, she does not address the specific paragraph B findings made by the ALJ and explain why those findings were inadequate. The ALJ adequately applied the special technique applicable to medical impairments and made the requisite findings in each of the four "paragraph B" criteria, citing to record evidence to support those findings. (Tr. 17-18). In particular, the ALJ found that Ms. Burton had no restriction in activities of daily living, moderate difficulties in social functioning and concentration, persistence, or pace, and no episodes of decompensation during the relevant window between her alleged onset date of January 15, 2010 and her date last insured of March 31, 2011. (Tr. 18). Accordingly, without further explanation as to the basis for Ms. Burton's argument, I discern no error in the ALJ's Listing analysis.

Finally, Ms. Burton argues that the jobs identified by the VE have "production demands" and are thus "production rate paced employment." Pl. Reply at 2-3. However, while Ms. Burton is correct that all jobs require some level of productivity from employees, "production rate paced employment," as described by the ALJ at the hearing, was defined as having "to pace that work

*Kathryn Anne Burton v. Commissioner, Social Security Administration*
Civil No. SAG-15-3947
February 9, 2017
Page 4

in a specified manner" and not perform it at "a variable pace." (Tr. 65). It is clear from the exchange at the hearing that the VE understood and defined "production rate paced employment" as the ALJ intended it. *Id.* Accordingly, there is no conflict between the RFC assessment and the jobs identified by the VE.

For the reasons set forth herein, Ms. Burton's Motion for Summary Judgment (ECF No. 19) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 20) is GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

        Sincerely yours,

        /s/

        Stephanie A. Gallagher
        United States Magistrate Judge